ORIGINAL

E-filing

FILED

09 OCT 23 PM 1:04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

REENA CHOPRA individual    CV 09    5061

Plaintiff

Vs.

CW

1. Medical board of California and investigator Charles mccort

2. Alameda county Cheryl poncini as assistant district attorney of Alameda County, Investigator Kathleen boyovich,Mardee strom probation officer for the county of alameda probation department, peter vanosting public defender with the alameda county, Judge Lee of the alameda county superior court

## COMPLAINT

**1.** This is a civil action brought to redress the violation of rights secured to the Plaintiffs under federal law and the United States Constitution. 42 USC (1983)

1

## PARTIES

Plaintiff is a legal permanent resident of the United States and resident of the State of California, County of Alameda, and Town of Fremont. Plaintiff Reena chopra was wrongfully accused of unlicensed practice of medicine under section 2052 of the business and professions code by the alameda County Defendants, at the behest of the medical board of California through their investigator Charles mccort based on hearsay evidence.

2. Defendants Charles mccort, ponci, investigator boyovich, mardee strom, probation officer, vanosting public defender and judge lee are residents of the State of California and are employed by Defendants alameda county.

3. All of the defendants and each of them, are also sued in their individual capacities for the claims alleged in this complaint.

## FACTS

1. Plaintiff reena chopra a resident of the State of California was self-employed in the State of California, County of alameda, Town of Fremont, from sept 2002 to sept of 2003.

2. On or about Oct 30 2003, the California State Police filed two felony counts against plaintiff and two misdemeanor against Plaintiff in the Fremont accusing her of practicing medicine without a license.

3. Plaintiff chopra was and is innocent.

4. On or about Oct 30, 2003, the California State Police obtained a warrant for the arrest of Plaintiff chopra.

5. Defendants action was illegal, improper, unconstitutional, and exhibited a depraved indifference to the welfare and constitutional rights of Plaintiff

6. The District Attorney Defendants knew or should have known that there was insufficient evidence in the file to sustain felony complaints against the plaintiff and also that the law had changed as far as the section 2052 of business and professions code was concerned.

7. Plaintiff reena chopra was arrested on November 19th, 2003 in Fremont, ca while she was attending a small claims matter in the court premises.

8. The felony complaints charged Plaintiff with the crime of unlicensed practice of medicine around the dates of Jan 2003 and July 2003

9. The sole basis for the felony complaint was hearsay statement

## FACTS

1.Plaintiff reena chopra,  a resident of the State of california, was self-employed and barely opened her consultation in Fremont on September 5, 2002. Her office was closed down in a week by the city of Fremont for lack of business zoning.

She then rented a house at 38759 stivers street and worked out of her rented home.

2.On or about oct, 2003  the California medical board initiated a complaint with the prosecutor's office and filed

4

two Felony Complaints against Plaintiff in fremontCourt, accusing Plaintiff of unlicensed practice of medicine.

3. Plaintiff was and is innocent.

4. On or about oct 31 2003, the Fremont  Police obtained a warrant for the arrest of Plaintiff s from the Fremont court..

5. The District Attorney Defendants knew or should have known that there was insufficient evidence in the file to sustain a felony complaint.

6. Plaintiff chopra was arrested on nov 19th  2003 in fremont and held in custody

7. Defendant's  action was illegal, improper, unconstitutional, and exhibited a depraved indifference to the welfare and constitutional rights of Plaintiff. There was Abuse of process for improper and ulterior purpose resulting in actual damage.

The felony complaint charged Plaintiff with the crime of unlicensed practice of medicine under section 2052 of the business and professions code, a wobbler.

The sole basis for the felony complaint was hearsay statements made by a few errant clients sent to collections for non-payment of consulation fees.

10. The Plaintiff and her family were required to expend $5000 to make bail.

11. Plaintiff was self employed in Fremont at the time of her arrest

Plaintiff does hereby complain and allege as follows:

## JURISDICTION

**The complainant alleges that the civil rights of reena chopra the plaintiff who presently resides at redwood city, California were violated by the actions of the defendants named below, which actions were directed against plaintiff at city of Fremont and city of Hayward in alameda county from October 2003 till September 2006.**

1. **Deft no. one charles mccort resides or works at Pleasanton, ca and is employed as investigator by**

the medical board of California. The deft is sued both in his individual and official capacity.this deft was acting under color of state law when he violated the civil rights of the plaintiff

2. Defendant no. 2 ponci resides or works at Hayward, ca.The deft is sued in her individual and official capacity.

Deft was acting under color of law when she she denied plaintiff

Deft no. 3 mardee strom resides or works at hayward, ca and is employed as probation officer by the probation department of Hayward, California. The deft is sued both in her individual and official capacity.

this deft was acting under color of state law when she violated the civil rights of the plaintiff due process of law,violation of 14th amendment.

Deft no. 4 judge lee resides or works at superior court of alameda county and is employed as judge

of the alameda county city of Hayward. The deft is sued both in her individual and official capacity.

this deft was acting under color of state law when she violated the plaintiffs rights. due process of law,violation of 14th amendment.

Deft no. 5 peter vanosting resides or works at hayward, ca and is employed as public defender The deft is sued both in his individual and official capacity. This deft was acting under color of state law when he violated the civil rights of the plaintiff. due process of law,violation of 14th amendment.

This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1341, 1341 & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under the color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1981 and §1983.

Venue is proper under 28 U.S.C. § 1391(e) (2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

## FIRST CAUSE OF ACTION

## Violation of Constitutional Rights Under Color of State Law Malicious Prosecution Abuse of power by

Medical board of California who initiated prosecution with and in collusion with the district attorneys office in alameda county. There was DISCRIMINATORY ENFORCEMENT OF CRIMINAL LAW AND PLAINTIFF WAS SUBJECT TO SELECTIVE CRIMINAL PROSECUTION based on hearsay evidence.

There was Prejudicial Publicity, with defamatory statements to press and the prosecution engineered extensive publicity and fabricated false evidence and created a highly prejudicial and inflamed atmosphere seriously impaired the fairness of the judicial proceeding. PROSECUTION  conspired to manufacture false evidence, offering false documents. There was DUE PROCESS VIOLATION, malicious prosecution. The

Defendants' actions were motivated by bad faith, malice, and indifference to Plaintiff.

This conduct on the part of defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of state law.

As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

Defendants mardee strom, county of alameda probation department District Attorney and County of alameda are vicariously liable for the misconduct of Defendants the defendants were acting under color of state law and in the course and scope of their employment and are sued herein both in their official and individual capacities.

Defendants have subjected the plaintiff to hostility, and abuse in apparent retaliation for plaintiff's efforts to defend herself. This conduct on the part of defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of state law.

As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured. Defendants mardee strom, county of alameda probation department District Attorney and County of

alameda are vicariously liable for the misconduct of Defendants.The prosecution initiated a malicious prosecution case under section 2052 of the business and professions code which was invalid and unconstitutional as it conflicted both with the law of section 2053.5 of the Business & Professions code and section 2500 of the business and professions code which changed medical practice act of California to include the practice of holistic medicine. The prosecution did this knowingly and PROS fabricated inculpatory and exculpatory evidence and there was deliberate falsification and omission of evidence. the government, "through its 'investigative or law enforcement officers,' maliciously prosecuted reena chopra through and including a lengthy criminal trial without probable cause, which proximately caused plaintiffs to suffer significant damages. the plaintiff chopra further alleges in a response pleading that distirct attorney's offices made "material misrepresentations and omissions to their supervisors, prosecutors There was INVIDIOUS DISCRIMINATION by prosecution in wrongful charging of section 2052 of the business and professions code and DISCRIMINATORY ENFORCMENT OF THE LAW. Moreover prosecution misrepresented the facts about the statute. The prosecution suppressed Brady material, fabricated exhibits at trial and preliminary trial. The prosecution failed to mention to the jury complaints made to BBB a business bureau by witness Heena. Instead they made up a web of deceit and lies which totally undermined the plaintiff's case. Moreover, they were unable to get a single genuine signature of sitaben Patel who

was the plaintiff's patient though she was living with her daughter witness Heena balakrishnan. The prosecution produced Xerox copies of signatures provided by Heena and also signatures notarized by Heena to prove the original signature of sitaben Patel and sought to negate the disclaimer that plaintiff had got from the client and fulfilled section 2053.6 of B & P Code. Plaintiff further claims that the surveillance during jail violated her right of privacy guaranteed by article I, section 1 of the California Constitution, and constituted an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 13 of the California Constitution, and violated title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510-2520),violation of Penal Code sections 2600 and 2601 that the surveillance system was being used in a manner which infringed upon the detainees' right of privacy

This court recognized that "such a concept would sanction an erosion of the Fourth Amendment by the

simple and expedient device of its universal violation."
The  monitoring practices were not  for security measures
and would not have been undertaken by jail personnel
had it not been for a request from the prosecutor's office,
which was looking for admissions relating to a crime with
which a particular detainee was charged. The criminal
proceeding as unconstitutional selective, arbitrary and
discriminatory enforcement of law until the prosecutor did
not commence criminal proceedings against all others
similarly situated.

Any pre-trial publicity which may have been generated by
the prosecutor; the prosecution acted with a **pattern of
coercion, trickery and misrepresentation" and with a
reckless disregard for the truth.**

II. The prosecution not only disseminated false and damaging
information to the public but also gave access to newspaper
reporters of personal files in the midst of trial and generated
wrongful publicity and poisoned the jury pool. Prosecution used
false and prejudicial statements to inflame the populace of

Alameda County thereby defaming the plaintiff and resulting in deprivation of her right to fair trial and also presented plaintiff in false light by falsely implicating her actions. There were out of court statements of prosecution to press. There were various COERCIVE TACTICS used by prosecution that independently went to the very tissue of the case structure. The pros also

failed to disclose information that could have undermined the key witness' credibility. There was prosecutorial wrongdoing by not providing the plaintiff with all exculpatory evidence the prosecutor did in fact receive, and also failed to accept while obtaining evidence .The conduct **violated clearly established statutory and constitutional rights and the** prosecutor's misrepresentations and comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' and led the jury away from the issues by drawing irrelevant and inflammatory

conclusions which prejudiced the jury against the defendant.

The pros not only concocted essential facts and gave a misleading impression of flagrantly misquoted facts, but also conspired to manufacture false evidence and thereby violated due process. The prosecution presented the case in a highly suggestive way while presenting the handwriting expert the witness for the prosecution Mr. Cunningham. No DAUBERT test was done. All the facts about handwriting and its error rates were not brought before the jury. There was Wrong approach to reliability of specific applications of forensic science. Pros acquired known false statements from a witness

There was extra judicial conspiracy and concert between witness and prosecution to give false testimony and knowingly proffering perjured testimony.

The prosecutor's office failed to report to the court monthly the amount of time and money they were

spending in their prosecution of the plaintiff and the plaintiff received absolutely no funding to oppose the prosecution. There was Abuse of process for improper and ulterior purpose which resulted in actual damage. While plaintiff was in jail there was WIRETAPPING IN JAIL TO ELICIT INVESTIGATIVE FUNCTION DURING TRIAL AND used it in asking for denial of probation thereby causing violation of 14th amendment.

Prosecution engineered extensive publicity and created a highly prejudicial inflamed atmosphere which seriously impaired the fairness of the judicial proceeding. The prosecution deliberately Destroyed evidence from preliminary trial and plaintiffs business documents without permission to do so and with order to preserve exhibits granted by the court. BRADY VIOLATION—1. Failed to mention that the form produced was in fact a form printed by the key witness in 2002 and who put in the dates herself in 2003.nor Did the pros produce the instructions along with the N-648 form which mentions that the

form must include a sufficiently thorough explanation of how the disability or impairment was diagnosed. List of medically acceptable clinical or laboratory diagnostic tests employed to determine the applications has a condition that makes him or her unable to learn or demonstrate knowledge of English or us history and government. Origin, nature and extent of medical condition. Form N-648 to be submitted within 6 months of when it was completed by the medical professional.

2. Did not mention about the complaints to BBB

3. Signature on complaint to medical board of California was made by Heena balakrishnan as a legal representative of the mother and she signed both for the mother and herself with the same pen and ink. This fact was hidden by the prosecution from the jury. The pros was working in collusion with the witness to hide fraud committed by her. The prosecution did not bring various facts before the jury

17

Like what actually is the PRACTICE OF MEDICINE AS OF JAN 1, 2003. Changes not only in the medical practice act but also in section 2052 and 2053.6 of the business and professions code. There is no license for holistic practitioners in the state of California, Though they are legally allowed to practice as per the SB 577 which became law as of Jan 1, 2003. Changes in medical practice act and incultated in section 2500 of the business and professions code which now recognizes the practice of holistic medicine. The deft prosecution and investigator engaged in unlawful investigation and knowingly destroyed exculpatory evidence.

The probation officer mardee strom made statements in the probation report asking that probation to the plaintiff be denied based on false, lies with flagrant disregard to the truth.

"Defendants' actions were motivated by bad faith, malice, and indifference to Plaintiff This conduct on the part of defendants also represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under color of

state law.

 As a direct and proximate result of the unconstitutional

acts described above, Plaintiff has been irreparably

injured.  County of alameda district attorney's office,

probation department, public defenders department and

judge's office is vicariously liable for the misconduct of

Defendants.

All the defendants in collusion misrepresented and

maliciously knowingly and intentionally brought about

the prosecution of the plaintiff only because she refused to

plead guilty and fought the case for 3 yrs and did not

relent to all the pressure tactics and intimidation of the

investigators, the prosecution and the judicial system.

The judge denied mistake of fact instruction and on corpus

delicti of the crime. She then in collusion with ponci, vanosting

radically modified jury instruction 3502 which included the

element of the crime in the instruction. All three of them

colluded to treat the crime as a general intent crime and not a

specific intent crime.Judge Lee performed quasi judicial functions which were administrative in nature. Case was not decided by independent and impartial adjudicator. There were various Non legislative acts of judge wherein she knowingly used false testimony and her failure to comply with

procedural due process. The judge Did ministerial acts which were totally non-judicial in nature but were in fact investigative and adjudicative. JUDGE ACTED OUT OF PERSONAL MOTIVATION AND TOOK ON AN INVESTIGATORY ROLE. There was retaliatory conduct of judge on hearing tapes of conversation of deft with various lawyers and family members while in jail awaiting her trial. The judge acted out of personal motivation and used her office as an offensive weapon to vindicate personal objectives. The judge engrafted exceptions to invent exemptions from outside sources forign to the statute administrative and legislative functions of the judge

NON-JUDICIAL ACTS—which were non-legislative acts. Judge acted out of personal motivation and not on basis of judicial acts.

Knowingly and willingly used false testimony failure to comply with procedural due process. Willful oppressive acts which conduct malicious and tyrannical measures.

RETALIATORY CONDUCT judge acted out of personal motivaton and use of office as an offensive weapon to vindicate personal objectives 638 f 2d 859 and did non-judicial acts which were administrative and investigative in nature

INTENT TO DEPRIVE PLAINTIFF OF EQUAL PROTECTIONOF LAW/subject her to denial of constitutional rights ARBITRARY AND CAPRICIOUS ACTS abuse of process misusing and misapplication of due process there was egregious misuse of legal proceeding which resulted in constitutional deprivation.

The defendants had DISCRIMINATORY INTENT; ACTED
MALICIOUSLY with purpose to cause harm unrelated to the
legitimate object of arrest they abused/misused authority in a
manner inconsistent with state law.

## SECOND CAUSE OF ACTION

## Violation of Constitutional Rights Under Color of State Law--The Application of Excessive Bail

The Eighth Amendment of the United States Constitution
protects citizens from the imposition of excessive or
punitive bail by law enforcement officials and mandates
that an individual be provided with bail no higher than
that necessary to assure his appearance at court.

The actions by Defendant judge violated Plaintiff's right
to be free from the imposition of excessive bail as detailed
in the Eighth Amendment to the United States
Constitution.

Defendant's actions were motivated by bad faith, malice,
and an indifference to the rights of Plaintiff.

The Eighth Amendment of the United States Constitution protects citizens from the imposition of excessive or punitive bail by law enforcement officials and mandates that an individual be provided with bail no higher than that necessary to assure his appearance at court.

The actions by Defendants violated Plaintiff's right to be free from the imposition of excessive bail as detailed in the Eighth Amendment to the United States Constitution.

Defendant's actions were motivated by bad faith, malice, and an indifference to the rights of Plaintiff.

This conduct on the part of Defendants represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under the color of state law.

As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

Defendants District Attorney and County are vicariously liable for the misconduct of Defendants This conduct on the part of Defendants also represents a violation of 42

U.S.C. § 1983 given that their actions were undertaken

under the color of state law.

 As a direct and proximate result of the unconstitutional

acts described above, Plaintiff has been irreparably

injured.

 There were various False and defamatory statements

made by prosecutor ponci and investigator "during the

early stages of the investigation" where "police officers

and assistant prosecutors were performing essentially the

same investigatory functions." The prosecutors,

"shopped" for the opinion of a particular expert,

Cunningham. Suborning perjury by prosecution

Coercive tactics that were independently wrong

THIRD CAUSE OF ACTION

Violation of Constitutional Rights Under Color of State

Law . DUE PROCESS **led to the judicial doctrine of**

**vagueness, which requires that a criminal statute**

**"define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."** the words of the statute are unconstitutionally vague.  NO Plausible explanation for disjunction in statute. Ignoring the congress mandate

In determining the meaning of statute, no consideration was taken about the design of the statute as a whole and its object and policy.

This case concerns the constitutionality of the statute. Constitution's Art I, § 9, cl 3 prohibition against ex post facto laws raises basic presumption of law—that legislation, especially of criminal sort, is not to be applied retroactively--to constitutional level. Retroactive

requirements are not in violation of any
constitutional right if they are
reasonable in their nature. Ex post facto
law is one which imposes punishment for
act which was not punishable at time it
was committed, or punishment in addition
to that then prescribed. Ex post facto law
is one which imposes criminal punishment
for conduct lawful when committed. Statute
violates Ex Post Facto Clause if it applies to events occurring
before its enactment and alters definition of criminal conduct or
increases punishment for crime. There was WRONG
STATUTORY INTERPRETATION of section 2052 of the
business and professions code. The interpretation and
construction of the statute should be reviewed de novo
including constitutional issues. The congress did not intend to
change the meaning of existing laws. It reflects a misconception
as fundamental as to require a summary of the historical record.
The statute created criminal penalties. There was

HARASSMENT of plaintiff under a facially unconstitutional statute. An urgent FEDERAL intervention is required in state criminal proceedings as bad intention and faith is being used by state officials. Section 2052 violates equal protection laws of the constitution it is dangerous for the legis to set out a net to trap all possible offenders and leave it to the course to say who should be held and who should go free. Legis did not intend that practice of alt medicine be prohibited The inference and implication of statute is discriminatory. The defense falls in an exception to prohibition classification. Issue of statutory concern of consti magnitude which led to a fundamentally unfair trial.

Unequal application of state law  Fundamental miscarriage of justice, error of constitutional magnitude

Discriminatory enforcement of law. Violation of 14th amend of federal constitution and articles I and 7 (a) invidious discrimination against him.( dismissed in Kern County vs. jack ritchason a white holistic practitioner who was charged with the

same charges, but was released in the interest of justice)THE

CALIFORNIA STATE HAS NO REGULATION OF THE

PRACTICE OF HOMEOPATHIC MEDICINE.SECTION

2052 of the business and professions code  IS

UNCONSTITUTIONALLY VAGUE, it  violates equal

protection and infringes upon constitutionally protected privacy

rights and is arbitrary and capricious as applied by pros.

## **FOURTH CAUSE OF ACTION**

Violation of 6th amendment Constitutional Rights Under

Color of State Law **Ineffective assistance of counsel.**

A criminal defendant has a state and
federal Constitutional right to effective
assistance of counsel as an integral
component of his right to a fair trial.
Representation of a criminal defendant
entails certain basic duties. Counsel's
function is to assist the defendant, and
hence counsel owes the client a duty of

loyalty, a duty to avoid conflicts of interest. From counsel's function as assistant to the defendant derive the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. Failed to object; failed to investigate, failed to adequately defend Petitioner, resulting in extreme prejudice and a denial of Petitioner's *Sixth Amendment's* right to adequate counsel.

TRIAL COURT'S USE of THE PROBATION REPORT'S AGGRAVATING FACTS, NOT TRIED BY, NOR THE SUBJECT OF EXPRESS FINDINGS BY THE JURY. Prior to sentencing Petitioner, the court received from the Probation Department a Probation Report, relevant to the instant case. The Probation Report cited aggravating facts, which were Not tried by, nor were they subject to an express findings by the jury. The court, not the jury, acted as the sole trier-of-fact as to the issues relating to the aggravating fact-ors employed to aggravate Petitioner's sentence in violation of his rights as applied to the states by the 14th Amendment. **FIFTH CAUSE OF ACTION**

## EQUAL PROTECTION AND DUE PROCESS OF

**LAW** The equal protection clause prohibits Govt.

officials from selectively applying law in a discriminatory way. There was Intentional purposeful discrimination in prosecution based on prejudice, other homeopaths and holistic practioners similarly situated

have not/ are not being treated as petitioner was treated. The prosecution purposefully and intentionally singled plaintiff out for disparate treatment based on an invidious discrimination.there Discriminatory enforcement of criminal statute which is not justified. it is dangerous for the legislation to set out a net to trap all possible offenders and leave it to the courts to say who should be held and who should be set free. The absolute literal meaning of section 2052 of the business and professions code statute is at war with clear congressional purpose.  It is totally unconstitutional as it violates art 1 section 1 of the state constitution which requires that all laws of general nature be of uniform operation and prohibits any citizen/class of citizens being granted privileges/immunities not accorded to all citizens.

**INEQUALITY BEFORE LAW AND DENIAL OF DUE PROCESS** violation of 14th amendment 4th clause. Petitioners also rely on the Equal Protection Clause. Special facts in my case warrant a due process evaluation. The actions of Defendants, the District Attorney's office herein described were extreme and outrageous. An award of punitive damages is appropriate to punish Defendants for their

cruel and uncivilized conduct. The prosecutor deprived directly and indirectly, equal protection of the laws, and of equal privileges and immunities under the laws.

**Sixth cause of action** There was Intimidation in exercise of first amendment rights as applied to right to earn a living. Due to the actions of the alameda county, petitioner has in effect been forced to move, quit her employment, is facing *ridicule, shame,* and *embarrassment* leaving her unemployed, homeless

and restricted in options as to what she can and cannot
do.

**SEVENTH CAUSE OF ACTION** VIOLATION OF FIFTH
AMENDMENT; TRIAL COURT VIOLATED
PETITIONER'S DUE PROCESS RIGHTS A defendant is
entitled to notice, and a jury determination beyond
reasonable doubt of every element of the offense, every
enhancement charged (other than prior convictions) and
any other facts or factors that increase the maximum
punishment for the charged offense (circumstances in
aggravation listed in *Cal. Rules of Court Rule 4.421)*. As
to the adjustment of California's sentencing system in
light of the Court's ruling, "[*t]he ball . . . lies in
[California's] court*." A*pprendi* and *Blakely* to retain
determinate sentencing, by calling upon the jury to find
any fact necessary to the imposition of an elevated
sentence. The denial by the Trial Court of a

jury trial on the aggravating facts
violated Petitioner's Sixth Amendment
rights to a jury trial, and as applied to
the states.                                   ,

**PROSECUTOR VOUCHED FOR PROSECUTION
WITNESSES AND** for the credibility of its
own witness's, thereby infringing on
Petitioner's right to confront. **IN THAT
THE PROSECUTOR COMMITTED MISCONDUCT WHEN
HE ENCOURAGED JURORS TO USE EVIDENCE
BEYOND THE LIMITED PURPOSE FOR WHICH IT
WAS ADMITTED.**"*where a particular amendment
provides an explicit textual source of
constitutional protection against a
particular sort of government behavior,
that Amendment, not the more generalized
notion of substantive due process, must be
the guide for analyzing these claims.*"

Plaintiff incorporates by reference and realleges each

and every allegation stated in paragraphs Based upon the misconduct of the Defendants, Plaintiff was arrested and illegally imprisoned. There was misuse of power possessed  by virtue of state law and made possible only because state law and made state law and made possible only because the wrongdoer is clothed with the authority of state law and is action taken "under color of" state law within the meaning of § 1979. At no point was Plaintiff free to leave.  Defendant's actions were motivated by bad faith, malice, and an indifference to the rights of Plaintiff.

78. This misconduct on the part of Defendants represents a violation of 42 U.S.C. § 1983 given that their actions were undertaken under the color of state law.

Plaintiffs incorporate by reference and reallege each and every allegation stated in paragraphs

Plaintiff Chopra suffered the loss of prestige, companionship of her family as a result of the misconduct of the Defendants. The actions of Defendants herein

35

described were extreme and outrageous.

Based upon the past misconduct of the Alameda County District Attorney's Office and failure to remedy past complaints against the office, an award of punitive damages is appropriate to punish Defendants for their cruel and uncivilized conduct.

California constitution article I (7) (10) (15), US constitution amendment V, VI, VIII, XIV. California Business and Professions code 2052, 2053.5, 2053.6 and 2500.

CONCLUSION

Petitioner has suffered deprivations of *Fifth, Sixth* and *Fourteenth Amendments* to the *United States Constitution,* as well as violations of the California Constitution, article 1, Section 10, and 15.

## DEMAND FOR A TRIAL BY JURY

The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Honorable Court grant them the following relief:

A. Award compensatory damages to Plaintiff against the defendants on the First Cause of Action, jointly and severally in the amount of $3,000,000.00;

B. Award compensatory damages to Plaintiff against the defendants on the Second Cause of Action, jointly and severally in the amount of $3,000,000.00;

C. Award compensatory damages to Plaintiff against the defendants on the Third Cause of Action, jointly and severally in the amount of $3,000,000.00;

D. Award compensatory damages to Plaintiff against the defendants on the Fourth Cause of Action, jointly and severally in the amount of $3,000,000.00;

E. Award punitive damages in the Fifth Cause of Action in the amount of $40,000,000.00;

Award compensatory damages to Plaintiff against the defendants on the SIXTH Cause of Action, jointly and severally in the amount of $3,000,000.00

Award compensatory damages to Plaintiff against the defendants on the SEVENTH Cause of Action, jointly and severally in the amount of $3,000,000.00

F. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988;

G .Temporary and permanent injunction prohibiting possible future prosecution under statute.

H. An injunction against medical board of California and Alameda County for violation of first and fourteenth amendment rights.

I. Declaratory judgment that the statute was unconstitutional and Declaratory relief as It is most likely that she would again be subject to the statute. There is controversy of

sufficient immediacy and reality to allow a declaratory judgment. This case justifies equitable relief subjected to the alleged illegality.

J. EQUITABLE RELIEF impairment of rights protected and threatened by first, fourth eighth and fourteenth amendments there is a personal.

K. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Reena Chopra

Dated: Oct 1, 2009