IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REENA CHOPRA,

    Plaintiff,

  v.

MEDICAL BOARD OF CALIFORNIA, et al.,

    Defendants.

No. C 09-05061 CW

ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE COURT'S ORDER OF NOVEMBER 12, 2010 (Docket No. 62)

    Plaintiff Reena Chopra seeks relief from the Court's November 12, 2010 Order, which dismissed her action for failure to prosecute. Defendants County of Alameda, Cheryl Poncini, Kathleen Boyovich and Peter Van Oosting oppose Plaintiff's motion. Defendants Medical Board of California, Linda Whitney, Candis Cohen, Renee Threadgill, Jennifer Simoes, Barbara Yaroslavsky, Gerrie Shipske, Janet Salomonson, Mary Lynn Moran, Reginald Low, Jorge Carreon, John Chin, Shelton Duruisseau, Eric Esrailian, Hedy Chang, Frank Zerunyan and Sharon Levine did not respond to Plaintiff's motion.

    A "court may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

Fed. R. Civ. P. 60(b)(1) and (6). In assessing a plaintiff's Rule 60(b) motion, a court considers whether "the underlying claims have a reasonable chance of success on the merits." Gonzalez Rucci v. United States INS, 405 F.3d 45, 48 (1st Cir. 2005); see also Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988) (requiring defendant to demonstrate a meritorious defense to set aside default judgment).

On October 12, 2010, the Court warned Plaintiff that, if she did not oppose Defendants' motions to dismiss by October 19, 2010, her case would be dismissed for failure to prosecute; her opposition briefs had been due October 7, 2010. On October 19, Plaintiff responded that she had not received Defendants' motions, which she eventually obtained from the Clerk of the Court, and requested additional time to oppose them.[1] On November 2, 2010, the Court granted Plaintiff's request, directed her to oppose Defendants' motions by November 9, 2010 and warned her that, if she did not do so, her action would be dismissed for failure to prosecute. Notwithstanding the Court's first warning, subsequent extension of time and second warning, Plaintiff failed to file any timely opposition to Defendants' motions. On November 12, 2010, because Plaintiff did not meet the November 9 deadline, the Court dismissed her case for failure to prosecute.

Plaintiff filed her current motion On December 13, 2010. She asserts that she did not receive the Court's November 2 Order and

---

[1] Plaintiff appears to assert that she visited the Clerk's Office on October 19, 2010 to check on the status of her case. She did not inquire into the status of her case again until November 18, 2010.

2

did not know she had to oppose Defendants' motions by November 9. However, Plaintiff has not notified either the Court or Defendants of a change in her address, nor has she offered reason why she has received some, but not all, papers related to this case at that address. As noted above, Plaintiff claimed that she did not receive Defendants' motions, for which Defendants have filed proofs of service showing that Plaintiff was served through United States Mail at the address listed in the Court's records. Further, Plaintiff has acknowledged that she has received Court orders sent to this address. None of the Court's orders sent to Plaintiff's address has been returned as undeliverable.

Plaintiff offers no reason to excuse her neglect to prosecute her case diligently. Cf. Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (stating that "a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit"). Nor does she offer any extraordinary circumstance that prevented her from prosecuting her case. United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). Thus, relief from the November 12 Order is not warranted.

Also, Plaintiff's claims do not appear to have a reasonable chance of success on the merits, which further supports denying her motion. Her claims are based on her state criminal prosecution, and subsequent conviction, for the unauthorized practice of medicine. These claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1984). In addition, she challenges the

3

constitutionality of California Business and Professions Code § 2052, which prohibits the unauthorized practice of medicine. However, her objections do not appear well taken.

Accordingly, Plaintiff's motion is DENIED.  (Docket No. 62.)

IT IS SO ORDERED.

Dated: 2/3/2011

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REENA CHOPRA,<br><br>       Plaintiff,<br><br>  v.<br><br>MEDICAL BOARD OF CALIFORNIA et al,<br><br>       Defendant. | Case Number: CV09-05061 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Reena Chopra
644 Fulton St. #2
Redwood City,  CA 94061

Dated: February 3, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

5